# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| **MACHAL, INC.** | **CIVIL ACTION NO. 04-1304** |
| -vs- | **JUDGE LITTLE** |
| **JENA BAND OF CHOCTAW INDIANS, ET AL.** | |

## MEMORANDUM RULING

Before the court is a Motion for New Trial [Doc. #51] filed by defendants Tri-Milennium Corporation, Inc. ("Tri-Millennium"), Rena Porter, Deborah Cotton, and BBC Entertainment, Inc. ("BBC"). Plaintiff Machal, Inc. ("Machal") opposes the motion. For the reasons explained below, the defendants' Motion for New Trial, more appropriately designated a motion to alter or amend judgment, is DENIED.[1]

## BACKGROUND

In this matter, this court issued a memorandum ruling and accompanying judgment on 21 July 2005 in response to Machal's Motion for Summary Judgment and the Motion to Dismiss filed by Tri-Millennium and BBC. Following that judgment, the defendants filed the instant motion, presumably pursuant to FED. R. CIV. P. 59.[2] Given the lengthy discussion

---

[1] The following discussion is also presented by the court in a Memorandum Ruling entered on this day in the companion case, Jena Band of Choctaw Indians, et al. v. Tri-Millennium Corporation, Inc., et al., Civil Action No. 98-0829.

[2] The defendants do not cite to the Federal Rules of Civil Procedure in their motion.

of the facts and procedural history contained in these prior writings, the court finds it unnecessary to provide any further recitation here.

## ANALYSIS

As the Federal Rules of Civil Procedure do not expressly recognize motions seeking "reconsideration" of a judgment, such motions are typically treated as motions to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) if filed within ten (10) days of the date of judgment. Bass v. United States Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). A motion for new trial is not appropriate with respect to a summary judgment ruling. See Patin v. Allied Signal, Inc., 77 F.3d 782, 785 n.1 (5th Cir. 1996) (observing that reconsideration motion was "styled as a motion for new trial, pursuant to FED. R. CIV. P. 59(A), but was correctly analyzed and decided in the district court as a Rule 59(e) motion to reconsider entry of summary judgment"). Therefore, the court will analyze the instant motion under Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment." In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). Reconsideration of a judgment is an extraordinary remedy which courts should use sparingly. Templet v. HydroChem Inc., 367 F.3d 473, 478 (5th Cir. 2004) (citations omitted). The remedy is so extraordinary that the United States Court of Appeals for the Fifth Circuit has directed that the Rule 59(e) standards "favor the denial of motions to alter or amend a judgment." Southern Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993) (citation omitted). As such, "the district court has considerable discretion in deciding whether to reopen a case under

2

Rule 59(e)." Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993). Considerations limiting this discretion include "(1) finality, and (2) the need to render just decisions on the basis of all the facts." Id. (citations omitted).

Furthermore, a Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (citation and quotation marks omitted). A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction. See Mongrue v. Monsanto Co., 249 F.3d 422, 427-28 (5th Cir. 2001); Simon, 891 F.2d at 1159.

Defendants' motion does not demonstrate any manifest error of law or fact. Because defendants' motion for new trial recapitulates arguments already presented to this court, provides additional argument that should have been previously urged, and fails to provide any new evidence or allegations, the court concludes that it is insufficient to warrant Rule 59(e) relief.

## CONCLUSION

For the foregoing reasons, defendants' Motion for New Trial is DENIED.

Alexandria, Louisiana

9 January 2006

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE